**AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, AFL–CIO, Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

American Buslines, Inc., Midwest Buslines, Inc., and Continental Tennessee Lines, Inc., Intervenors.

Civ. A. No. 53–63.

United States District Court District of Columbia.

Aug. 2, 1963.

I. J. Gromfine, Herman Sternstein, William B. Peer, Washington, D. C., for plaintiff.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Dept. of Justice, David C. Acheson, U. S. Atty., Washington, D. C., for the United States.

Robert W. Ginnane, Gen. Counsel, Arthur J. Cerra, Asst. Gen. Counsel, Leonard S. Goodman, I. C. C., Washington, D. C., for Interstate Commerce Commission.

James E. Wilson, Warren Wood, Jon F. Hollengreen, Washington, D. C., for intervenor American Buslines, Inc.

James Clarence Evans, Nashville, Tenn., for intervenors Midwest Buslines, Inc., and Continental Tennessee Lines, Inc.

Before WASHINGTON, Circuit Judge, and McGUIRE and CURRAN, District Judges.

CURRAN, District Judge.

This is an action under Sections 1336, 1398, 2284, and 2321–2325, of the United States Code, Title 28, to set aside a report and order of the Interstate Commerce Commission entered after a further hearing in Midwest Buslines, Inc.— Purchase (Portion)—American Buslines, Inc. on March 26, 1962. The Commission approved the sale by the American Buslines, Inc. of two routes, and their purchase by Midwest Buslines, Inc. and Continental Tennessee Lines, Inc. A three judge District Court was convened pursuant to law. Plaintiff is the collective bargaining representative of the employees of American Buslines, Inc. and the purpose of this action is to require the Commission to attach conditions to its order which will protect those employees against such losses as may have been incurred, or may in the future be incurred, as the result of the transaction which the Commission has approved. Some twenty-two employees are primarily and directly involved.

In November of 1958 American Buslines, Inc. applied for approval, under Section 5 of the Interstate Commerce Act, 49 U.S.C. § 5, to sell its route between Kansas City and Memphis to Midwest Buslines, Inc., and its route between Memphis and Chattanooga to Continental Tennessee Lines. The latter carriers acquired temporary control and operation under a lease of these routes in December of 1958 under Section 210a of the Act. The Commission found the transaction to be in the public interest, and reserved jurisdiction for a period of three years to determine the effect of the transaction on particular employees and whether specific conditions would be warranted.

The employees represented by the aforesaid collective bargaining representative were on strike against American Buslines, Inc. between July 1958 and August 1959. The transaction was approved by the Commissioners in November of 1959 and was consummated in December of 1959.

In April of 1960 plaintiff filed with the Commission a petition requesting a reopening of the record, a further hearing, and the imposition of conditions for employee protection, including a reimbursement of wages and moving expenses allegedly lost as the result of the transaction.

In September of 1960 the Commission granted plaintiff's petition limited to affording the plaintiff an opportunity to present evidence "showing specifically how, and to what extent, particular employees of the carriers concerned have been adversely affected within the meaning of the said reservation condition."

After a hearing the Commission denied plaintiff's demand in July 1962. In January of 1963 plaintiff filed the present action.

The pertinent provisions of Section 5 of the Interstate Commerce Act which authorize the Commission to impose such employee protective conditions are as follows:

" § 5 par. (2). (b) Whenever a transaction is proposed under subdivision (a) of this paragraph, the carrier or carriers or person seeking authority therefor shall present an application to the Commission, * * *. If the Commission shall consider it necessary in order to determine whether the findings specified below may properly be made, it shall set said application for public hearing; * * *. If the Commission finds that, subject to such terms and conditions and such modifications as it shall find to be just and reasonable, the proposed transaction is within the scope of subdivision (a) of this paragraph and will be consistent with the public interest, it shall enter an order approving and authorizing such transaction, upon the terms and conditions, and with the modifications, so found to

be just and reasonable: * * *." 49 U.S.C. § 5(2) (b).

" § 5 par. (2). (c) In passing upon any proposed transaction under the provisions of this paragraph, the Commission shall give weight to the following considerations, among others: * * * *; (4) the interest of the carrier employees affected." 49 U.S.C. § 5(2) (c).

" § 5 par. (2). (f) As a condition of its approval, under this paragraph, of any transaction involving a carrier or carriers by railroad subject to the provisions of this chapter, the Commission shall require a fair and equitable arrangement to protect the interests of the railroad employees affected. In its order of approval the Commission shall include terms and conditions providing that during the period of four years from the effective date of such order such transaction will not result in employees of the carrier or carriers by railroad affected by such order being in a worse position with respect to their employment * * *." 49 U.S.C. § 5(2) (f).

The question presented in this action is whether the denial of conditions giving employees protection from adverse effects from the sale of motor carrier routes approved by the Commission is warranted in law and has a rational basis supported by adequate findings based on substantial evidence in the record.

Plaintiff's assumption is that the policy of the statute requires labor protection in all motor carrier cases under Section 5, and not merely any protection, but protection similar to that given rail employees in other Section 5 transactions. The Commission concluded that the protection afforded motor carrier employees under Section 5(2) (a) is not subject to any fixed formula but rather is a matter dependent upon the circumstances in each case.

Notwithstanding this conclusion, in cases involving motor carriers, the Com-

mission has acknowledged that "Although not set forth as a specific directive as in the case of railroad employees, the Act, taken as a whole, makes clear the congressional intent that public policy demands fair and equitable treatment of employees of motor carriers" as well. Short Line, Inc.—Purchase—New England Transp. Co., 75 M.C.C. 33, 37 (1958).

The plaintiff contends that in no case involving the employees of a motor carrier has the Commission imposed the same kind of conditions protecting employees against layoffs, reduction in earnings, and additional expenses incurred that it has in cases involving the employees of a railroad.

In this case the Commission declined to impose any conditions for the protection of the employees here involved. Its principal grounds for so declining were (1) the terms of an agreement between the parties, and (2) offers of employment received by the striking employees. We turn to these grounds.

In July of 1959 plaintiff and American Buslines, Inc. entered into an agreement as part of the strike settlement. In that agreement American Buslines, Inc. released all claims against the plaintiff and the plaintiff released American Buslines, Inc.

"from all sums of money, accounts, actions, suits, proceedings, claims, unfair labor practice charges and demands, of whatever character or description which Amalgamated International from time to time had or has up to the date of this release by reason of any account, cause, matter or thing."

The Commission concluded that the employees' claims for protection now being made were waived by this agreement between the Union and the American Buslines, Inc. We disagree. That agreement was made as part of the strike settlement and covered claims "arising out of that strike and activities relating thereto." The claims now being made arise, in our view, out of the sale of the bus route to Midwest Buslines,

Inc. rather than out of the strike "and activities related thereto."

The Commission also concluded that the offers of employment made by Midwest Buslines, Inc. to the striking employees of American Buslines, Inc. had the effect of defeating any right of those employees to protection in connection with the sale. The evidence before the Commission indicated that the job offers were rejected because the men would be paid at the rate for beginning operators; that they would be considered as "new employees"; that their seniority "would rank as of the time they first performed compensated service" with Midwest Buslines, Inc., and that the only seniority protection offered was the right to continue the existing ranking they had in picking the assignments on the Kansas City to Memphis route. These offers, we think, were inadequate.

The grounds on which the Commission relied in denying relief were accordingly erroneous, and its order must be set aside. Cf. Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 88, 94, 95, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The case will be remanded to the Commission for further proceedings not inconsistent with this opinion. We need not here attempt to delineate what measure of relief, if any, should be provided to the employees of American Buslines, Inc. That is a subject reserved, subject to judicial review, for the determination of the Commission in the first instance. But we think that if any particular measure of relief is one which would ordinarily be granted to railroad workers similarly situated, the Commission should not deny it to the employees of American Buslines, Inc., without a reasoned explanation of its denial, consistent with what has here been said. Cf. Eastern–Central Motor Carriers Association v. United States, 321 U.S. 194, 210, 64 S.Ct. 49, 88 L.Ed. 668 (1944).

So ordered.

WASHINGTON, Circuit Judge, and McGUIRE, District Judge, concur.